# SUPREME COURT.

ALBERT CORNELL and GEORGE V. AMERMAN agt. ISAAC
TOWNSEND, and others.

As a general rule, the *assignee* of a *bond and mortgage* is put upon inquiry, and
takes them subject to all the *existing equities* between the mortgagor and mort-
gagee, when the latter parts with his interest.

But a case like the present is an exception to that rule. Where by the will two
brothers, sons of the testator, were appointed executors, who qualified, and one
of them was charged personally with the payment of the debts, in reference
solely to the personal estate bequeathed to him, which was sufficient for their
payment; and on a sale of his portion of the real estate devised to him by the
will, to his brother, co-executor, who gave back a bond and mortgage to secure
a portion of the purchase money, upon a fraudulent representation by his brother,
the mortgagee, that all the debts of the testator had been paid, and the mort-
gagee assigned the bond and mortgage to a third person, without notice, for
value, and then departed the country; and on a foreclosure of the mortgage by
a subsequent bona fide assignee,

*Held,* that the mortgagor could not recoup the payment of the testator's debts
made by him, which his brother had neglected to pay, out of the bond and mort-
gage, and especially after having made a payment upon the bond and mortgage
to the assignee.

*Seventh District General Term, Rochester, March,* 1860.

APPEAL from judgment of special term.

This action was brought by the respondents to foreclose
a mortgage. The mortgage was executed by the defend-
ant, Isaac Townsend, to his brother, Gamaliel Townsend,
for about $1200, under the following circumstances: Jona-
than Townsend, the ancestor of the two brothers, owned a
farm in Tyrone, Schuyler county, N. Y., of about 108 acres,
which he devised to his two sons—forty acres to Isaac and
the balance to Gamaliel. He also bequeathed a portion of
his personal property to his other children, and the balance
to his son Gamaliel, and expressly charged *Gamaliel with
the payment of his debts;* he also devised the land subject
to certain legacies. The two brothers, Isaac and Gamaliel,
were appointed executors of the will. The ancestor died
in February, 1853, and the executors proved the will and

qualified, and took possession of the personal property, sold and distributed the same according to the provisions of the will. The personal property received by Gamaliel amounted to about $400, which he converted to his own use. He never paid any of the ancestor's debts, except a small one.

It was claimed by Isaac, that the ancestor's debts amounted to more than $500. The judge on the trial, found that the unpaid debts at the date of the mortgage amounted to $384; that this amount was known to Gamaliel. In August, 1853, Isaac purchased Gamaliel's part of the premises, and gave him the mortgage in question. At the time the purchase was made, Gamaliel fraudulently represented, and assured Isaac that the ancestor's debts were all paid. Isaac not knowing to the contrary confided in the representation made by Gamaliel, and accepted the deed and gave the mortgage in suit, which was subsequently duly assigned, and at the time of the commencement of this suit was owned by the plaintiffs. Gamaliel, soon after the sale, left the country, and Isaac subsequently was compelled to pay the debts.

The conditions of payment in the mortgage were as follows: "One hundred dollars on the first day of December, 1854, and in annual payments thereafter," &c. "But in case of the non-payment of the sum of $1210, or any part thereof, at the time above limited, &c., then it shall and may be lawful for the said party of the second part, his heirs, &c., to grant, bargain, &c., the said premises at public auction, and execute a deed to the purchaser, &c., pursuant to the statute in such case made and provided," &c. The complaint alleged that "the defendants have failed to comply with the condition of the said mortgage, by omitting to pay the sum of $100, principal, and $63.70 interest, which became due December 1, 1857, by reason of which the whole principal, $910 and interest, &c., is now due, and that there is justly due and owing, &c., the

principal sum of $910, with interest," &c.   The sum of $156.47 was paid on the mortgage on the 9th November, 1854, by the defendant, Isaac Townsend, to George Stow, the second assignee, and the plaintiff's assignor, which payment was indorsed on the mortgage ; and the further sum of $177.70 was paid thereon on the first day of December, 1855, and the further sum of $170.70 was paid thereon on the first day of December, 1856.   Judgment of foreclosure and sale was rendered at special term for the whole sum $1077.21 actually due on the mortgage.   The defendant Isaac Townsend excepted, and brought appeal to the general term.

SEELY & WOLCOTT, *for defendant, Isaac Townsend.*

1. There was gross fraud practiced upon Isaac Townsend, and he clearly had a right of action against Gamaliel. This the judge at special term admits, and we contend, as between Gamaliel and Isaac, the defence against the mortgage was a good one.   And we suppose it is well settled that a court of equity will always interpose to prevent one executor from embezzling the funds of the estate, or defrauding his co-executors or the creditors of the testator.  (*See* 4 *John. Ch. R.*, 562, *and cases there cited.*)

2. Assuming that the defence is a good one against Gamaliel, if he had foreclosed the mortgage, we claim that our defence is equally good against the present plaintiffs, unless the defendant has done some act since the execution of the mortgage that estops him from setting up this defence; as it is well settled that the assignee takes the assignment of the mortgage subject to all the equities existing against it at the time of the transfer.  (*See* 2 *John. Ch. R.*, 441–479; 2 *Cowen's R.*, 246; 2 *Paige* 202, *id.* 644, 7 *id.* 316; 5 *Denio*, 640.)   The assignee takes only the title of his assignor whatever it may be.  (3 *Barb. Ch. R.*, 647.)   In the case of *James* agt. *Morey*, (2 *Cowen*, 246,)

it is said by the court, at page 320, "There is no rule more distinctly settled than this, that the assignee of a mortgage takes it subject to all the equities subsisting between the mortgagor and the mortgagee at the time of the transfer." To give the plaintiffs a better action in this case than the mortgagee, is placing the mortgage upon the footing of negotiable paper. (*See Western Bank* agt. *Sherwood*, 29 *Barb.* 383.)

3. We submit that the judge erred in deciding that the whole mortgage was actually due, as the mortgage was payable in instalments, and as the judgment is entered in conformity to the decision, we are deprived of the opportunity of paying up the amount due, including the costs, and by that means gaining time; besides the plaintiffs have increased their costs some forty dollars by having an extra allowance on the whole amount of the mortgage.

HULSE & BENNETT, *for plaintiffs.*

1. By the terms of Jonathan Townsend's will, his debts are not made a charge upon the real estate. (3 *Cow. R.*, 133; 4 *Kent Com.*, 421, *and cases in note* "*A;*" 12 *Price*, 324; 2 *Rev. St.*, 281 *to* 287.)

2. There was sufficient property to pay all the testator's debts.

(*a.*) It is the duty of the executors to take, and, if necessary, sell, all the personal estate of their testator, whether specifically bequeathed or not, to pay the testator's debts. (2 *R. S.*, 268, 270, § 6, 12 *and* 13; *Dayton on Sur.*, 245, 253, 280, 402, 432; *Williams on Exrs.*, 796 *and cases*, 1149 *and cases; Knight* agt. *Yarborough*, 4 *Randolph*, 566; *McAllister* agt. *Montgomery*, 3 *Haywood*, 94; *Tole* agt. *Hardy*, 6 *Cow. R.*, 339; *Clayton* agt. *Wardell*, 2 *Brad. Sur. R.*, 7.)

(*b.*) By the terms of this will the debts of the testator were to be paid in preference to any devise or legacy, and the balance of the personal property, after the payment of the debts, Gamaliel was to have.

(c.) If the personal estate is not applied to the payment of the debts, the executors are liable to the creditors. (*Williams on Exrs.*, 1149 *and cases; Tole* agt. *Hardy*, 6 *Cow. R.*, 339; *Dayton on Sur.*, 402.)

1. The proof is conclusive that Isaac Townsend was the mortgagor and Gamaliel the mortgagee, and that they were the duly qualified executors of their father's will.

2. The proof is conclusive that the mortgagee assigned the mortgage to Layton, that Layton assigned to Stow, and Stow to the (plaintiffs) respondents.

(a.) This exception must fail, for the reason that it is taken to the whole of the finding of the justice preceding the exception, and it is a rule that the exception fails if any part of the finding is good. (14 *N. Y. Rep.*, 310; 4 *Sel. Rep.*, 37; 1 *Ker. Rep.*, 416; 2 *Id.*, 313.)

3. It being the legal duty of the executors to pay all their testator's debts, the assignee of a mortgage given by one of them to the other, had the right to assume, without inquiry, that the debts of the estate were all paid; so far, at least, as the real estate mortgaged was concerned. (*See opinion of Judge* JOHNSON, *hereto annexed. Dayton on Sur.*, 280.)

4. The appellant ratified the mortgage while in the hands of the second assignee, by making a payment thereon, which payment was endorsed upon the mortgage when assigned to the respondents. (*Lee* agt. *Porter*, 5 *Johns. Ch. R.*, 268.)

5. The representations of Gamaliel to Isaac, do not constitute fraud.

" a." Although such representations were false, and Isaac relied upon them as true, yet, it must further appear that he had a right to rely upon them as true; otherwise, it was his own folly, and the law will not relieve him from the consequences. (2*d Par. on Con.*, 270 *note.*)

" b." Isaac had no right to rely upon Gamaliel's statement; he had the means of ascertaining, and was bound to know whether the debts were paid or not. (5 *Hill's R.*, 303, *and cases.*)

6. Even if there were equities existing between Isaac and Gamaliel, they have been waived by the subsequent ratification of the mortgage by Isaac, in the hands of the second assignee, and of these respondents, by the payment of the instalments upon the mortgage. (*2d Par. on Con.*, 279, *note T and cases.*)

" a." The instalments were paid on the mortgage, after Isaac had paid the debts.

"b." Isaac is estopped from setting up his claim against the mortgage in question. (2 *Smith's L. C., page* 647, *and cases* 660 *and do.*)

7. If the foregoing propositions of the respondents are sound, the subsequent exceptions of the appellant are not well taken.

The court adopted the opinion of the special term; but modified the decree so as to allow the defendant to pay the instalments due, per statute; in other respects the judgment was affirmed with costs. The following opinion was delivered at special term :

JOHNSON, Justice. The debts against the estate were not a charge upon the real estate devised to Gamaliel G. Townsend by the will. They are not made so by the terms of the will, nor is there anything in the will from which it can be inferred that such was the intention of the testator. There was, beyond all dispute, sufficient personal property to pay all the debts, and there was no reason for making any such charge. Gamaliel was charged personally with the payment of the debts in reference solely to the personal estate bequeathed to him, as appears plainly upon the face of the will. There having been personal property sufficient for the payment of all the debts, the land devised could not have been charged in any event. The devisee might possibly have been charged by action in respect of the land devised after the lapse of three years from the granting of letters testamentary.

But I do not regard these considerations of any great

importance in this case.   As some one must suffer from the acts of Gamaliel, ought the loss in equity to fall upon the plaintiffs or the defendant ?   As a general rule, the assignee of a bond and mortgage is put upon inquiry, and takes them subject to all the existing equities between the mortgagor and mortgagee when the latter parts with his interest.   But this rule, like all other general rules, has its exceptions.   Undoubtedly, as between the defendant and Gamaliel, the latter was liable for the payment of these debts.   He had the assets, and was, by the will under which he took, charged with their payment personally. But it does not follow from this, certainly, that these debts which the defendant has paid should be charged upon this mortgage.   The defendant paid the debts as executor. He had, as such executor, the moment he qualified, the right to all the personal estate, until the debts were paid and satisfied.   He knew, as the evidence shows, the existence of the principal debts at the decease of the testator, which he subsequently paid.   It was his duty to see to their payment, and to know whether they were paid or not at the time he purchased of Gamaliel and gave him the bond and mortgage in question.   I think the assignee of the mortgage, knowing that the mortgagor was one of the executors, would have the right to assume, without inquiry, that the debts of the estate were all satisfied—at least, so far as the real estate mortgaged was concerned.   In addition to this, the defendant had made a payment upon the mortgage to the second assignee before it was assigned to the plaintiffs, and before any payment became due, which was endorsed, and which was a notice to any subsequent assignee, that the defendant acknowledged the obligation as valid and binding upon him.   No question is made but that the plaintiffs are *bona fide* assignees so far as any actual notice is concerned, and for a valuable consideration, and it seems to me that the defendant, situated as he was in reference to the debts of the estate at the time he

gave the bond and mortgage in question, and having made one payment thereon, to a person who held as assignee before the assignment to the plaintiffs, ought not to be allowed to recoup the debts paid by him out of the bond and mortgage in question. He knew, or might have known, the pecuniary condition of Gamaliel, and ought to have known how the affairs of the estate stood when he purchased the land devised, and gave his obligation, secured by the mortgage, for the purchase price. But having neglected his duty in this respect, he is in the situation of one who has carelessly and negligently put it in the power of Gamaliel to assign the obligations, and thus impose upon innocent third persons, and should bear the loss. And the more especially after having made a payment to the plaintiffs' assignors. I am of opinion, therefore, there is in equity no set-off or charge against the bond and mortgage in question in the hands of the plaintiffs. Consequently the plaintiffs are entitled to the judgment asked for in the complaint.